AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br><br>Derrick D'Angelo Edwards<br><br>*Defendant(s)* | Case No. 1:17mj598-RHW |

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 15 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  September 14, 2017  in the county of  Jackson  in the  Southern  District of  MS, Southern Division , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance, to wit, 500 grams or more of cocaine hydrochloride a schedule II narcotic drug controlled substance. |

This criminal complaint is based on these facts:

See affidavit attached hereto and incorporated herein

☑ Continued on the attached sheet.

*Complainant's signature*

William Anderson, Task Force Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/15/2017

*Judge's signature*

City and state:  Gulfport, MS    Robert H. Walker, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

STATE OF MISSISSIPPI,

COUNTY OF JACKSON

### A. Background and Experience of Officer

1. Affiant, William Anderson, is employed with the Ocean Springs, Mississippi Police Department and is assigned to the Federal Bureau of Investigation Safe Street's Task Force and as such is empowered under Title 21, United States Code, Section 878, to enforce Title 21 and Title 18 and other criminal laws of the United States. In that capacity, Task Force Agent (TFA) Anderson has participated in and has conducted investigations of individuals who have smuggled, received, and distributed controlled substances, as well as the seizure of illegal drugs. Affiant has been involved in various types of surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances.

### B. Facts and Circumstances

1. According to Southeast Metro Enforcement Team (SMMET) Agent Christian Pitalo and Jackson County Sheriff Deputy Lonnie Ward, on September 14, 2017, at approximately 8:30 p.m., Agent Pitalo and Deputy Ward were patrolling Interstate 10 in Jackson County, Mississippi. The officers observed a 2014 Toyota Four-Runner (Texas Tag HZP2414) commit a traffic violation (careless driving) near the 53 mile marker westbound. Agent Pitalo conducted a traffic stop on the vehicle near the 51 mile marker westbound.

1

2. According to Agent Pitalo, upon conducting the traffic stop, Deputy Ward observed two dark packages being tossed from the passenger side of the vehicle. The packages landed in the grassy shoulder of the interstate. Upon approaching the vehicle, Deputy Ward also noted that the passenger window was down. Agent Pitalo approached the driver, identified as Derrick D'Angelo Edwards, and began asking him about his travels. Edwards stated he was returning to Houston, Texas, for work with disaster relief after handling personal business in Gautier, Mississippi. Edwards stated he lives in the Gautier area. Agent Pitalo returned to his patrol unit to run Edward's information. Deputy Ward informed Agent Pitalo about his observations. Agent Pitalo detained Edwards after being notified by Deputy Ward about the packages and learning about Edward's background information. Agent Pitalo then photographed the packages on the shoulder, collected them, and field-tested one package. The package resulted in a presumptive positive for the presence of cocaine. Agent Pitalo then conducted a search of the vehicle, and he located approximately $17,130.00 in loose currency in the center console of the vehicle. Edwards was then placed under arrest, and during a search of his person, $1,899.00 was located on his person by Deputy Ward.

3. On September 14, 2017, at approximately 9:00 p.m., Special Agent Jerome Lorrain contacted me and advised there was an interdiction stop on I-10 involving the discovery of suspected cocaine. I then traveled to the scene of the traffic stop. I met with SMMET Agent Matt Richardson, Agent Pitalo, and Deputy Ward. I searched the vehicle along with Agent Richardson, before releasing the vehicle to the towing company. During my search, I seized two flip phones, a Samsung smart phone, and an Apple laptop. I also observed a white powdery substance on the floor of the rear portion of the vehicle.

Agent Pitalo informed me he had field tested the substance, and it returned a presumptive positive test for the presence of cocaine. The narcotics, currency, and devices were then transported, along with Edwards, to the SMMET headquarters.

4. Agent Richardson and myself attempted to interview Edwards, but he requested a lawyer. Edwards claimed ownership of the laptop and smart phone but disavowed ownership of the two flip phones. The two duct taped packages were weighed and came to a total of 2.55 kilograms. Agent Richardson field tested both packages, and both showed a presumptive test for the presence of cocaine. The currency was sorted and counted, and came to a total of $19,029.00. Edwards was then transported to the Jackson County Adult Detention Center, to be held pending further investigation.

5. Based on the forgoing, your Affiant believes that probable cause exists showing that Derrick D'Angelo Edwards violated Title 21 U.S.C. § 841(a)(1), in that Edwards possessed with the intent to distribute a controlled substance.

_____
William Anderson, Task Force Agent
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED BEFORE ME, this the __15TH__ day of September, 2017.

_____
United States Magistrate Judge

3